IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CECIL ANDREW POPE, # 01859245,  §<br>     Petitioner, §<br> §<br>v.   § <br> §<br>WILLIAM STEPHENS, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>     Respondent. § | 3:14-CV-1927-N-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a state prisoner proceeding *pro se*, filed a federal habeas corpus petition under 28 U.S.C. § 2254, which was automatically referred to the magistrate judge. *See* 28 U.S.C. 636(b) and Special Order 3. For the reasons that follow, it is recommended that the petition be dismissed for failure to exhaust state court remedies. [1]

**I. BACKGROUND**

On May 21, 2013, Petitioner was convicted of indecency with a child and failure to register as a sex offender, and was sentenced to nine years' imprisonment. *State v. Pope*, No. F96-30381 (282nd Judicial Dist. Ct., Dallas County, Tex. 2013); *State v. Pope*, No. F11-71069 (282nd Judicial Dist. Ct., Dallas County, Tex. 2013). Petitioner concedes he neither appealed nor sought state habeas relief. [Doc. 3 at 3].

In this federal action, filed May 28, 2014, Petitioner alleges ineffective assistance of trial counsel. He maintains counsel induced him to plead guilty and failed to file a motion for new

---

[1] Although Petitioner did not pay the $5 filing fee or submit a motion to proceed *in forma pauperis* along with his federal petition, he enclosed a copy of an *Inmate Request for Withdrawal* in which he sought to withdraw $5 from his inmate account and send it to this Court. [Doc. 3 at 11]. Nevertheless, it is more efficient to dismiss the petition than to wait for the filing fee payment.

trial. [Doc. 3 at 6].   Petitioner seeks "[t]he appointment counsel to review the trial court record for ineffective assistance of trial counsel at plea, motion to adjudicate and motion to revoke." [Doc. 3 at 7].   Alternatively, he requests that his case be "remand[ed] to the State of Texas for the appointment of counsel to address the ineffective assistance of trial counsel."  [Doc. 3 at 7].

## II.  ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement.  A review of his petition and the state courts' docket sheets (available online) confirms his admission that he filed neither an appeal nor a state habeas application challenging his convictions.  [Doc. 3 at 3].  Therefore, the Court of Criminal Appeals has not had an opportunity to consider Petitioner's claims of ineffective assistance of trial counsel, and they remain unexhausted.

Moreover, contrary to Petitioner's assertions, neither the holding of *Trevino v. Thaler,*

___ U.S. ___, 133 S. Ct. 1911 (2013), nor that of *Martinez v. Ryan,* --- U.S. ---, 132 S. Ct. 1309 (2012), authorizes the filing of a "protective" petition or the appointment of federal habeas counsel before the petitioner has exhausted his state court remedies, as in this case. [Doc. 3 at 7, 9]. In those cases, the Supreme Court recognized a limited exception to procedural default for failure to raise a claim of ineffective assistance of counsel on direct appeal or in a first habeas application. They did not, however, alleviate the requirement that a petitioner first exhaust his state remedies by presenting his claims to the highest state court.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[2]

SIGNED May 29, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is cautioned that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Thus, Petitioner should act diligently and expeditiously if he intends to seek habeas corpus relief in both state and federal court.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE