IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CECIL ANDREW POPE, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | 3:14-CV-01927-N-BK |
| | § | |
| WILLIAM STEPHENS DIRECTOR, | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. Petitioner, a *pro se* state prisoner, filed objections along with a motion for hearing, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

I.

On December 8, 1997, Petitioner pled guilty to indecency with a child and was placed on ten years' deferred adjudication community supervision, also known as deferred adjudication probation. *State v. Pope*, No. F96-30381 (282nd Judicial Dist. Ct., Dallas County, Tex. 1997). On May 21, 2013, the trial court revoked the probation, found Petitioner guilty, and sentenced him to nine year's imprisonment. *State v. Pope*, No. F96-30381 (282nd Judicial Dist. Ct., Dallas County, Tex. 2013). Contemporaneously, Petitioner pled guilty to failing to register as a sex offender, and was sentenced to nine years' imprisonment. *State v. Pope*, No. F11-71069 (282nd

Judicial Dist. Ct., Dallas County, Tex. 2013).[1]  Then, on May 28, 2014, Petitioner filed this habeas corpus petition challenging his convictions.  [Doc. 3].

The next day, the Magistrate Judge recommended that the federal petition be dismissed for failure to exhaust state court remedies because Petitioner had filed neither a direct appeal nor a state habeas application challenging his convictions.  [Doc. 4 at 2].  The Magistrate concluded, contrary to Petitioner's assertion, that neither the holding in *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911 (2013), nor *Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012), authorizes the filing of a "protective" petition or the appointment of federal habeas counsel before the petitioner has exhausted his state court remedies.  [Doc. 4 at 2-3].

Petitioner objects claiming state habeas remedies in Texas are "vain and useless."  [Doc. 5 at 3].   He asserts he has a right to counsel on his first state habeas petition, as recognized in *Trevino*, but the State of Texas does not provide counsel in state habeas proceedings.  [Doc. 5 at 3].  Petitioner maintains the Magistrate Judge is ordering him to return to state court "to do a vain or useless act" – namely exhausting state habeas remedies on his ineffectiveness claims without the assistance of an attorney.  [Doc. 5 at 3].  Thus, he requests that the Court "[r]emand" his case to state court to appoint an attorney to pursue a state habeas application.  [Doc. 5 at 4].  Alternatively, Petitioner requests the appointment of "a Federal Public Defender . . . to address the ineffective assistance of trial counsel claims" alleged in his federal petition.  [Doc. 5 at 4].

II.

*Martinez* recognized a limited exception to procedural default.  See *Martinez*, 132 S. Ct. at 1318-1319, 1320-1321.  In *Trevino*, the United States Supreme Court held that *Martinez*, applies in Texas because "the Texas procedural system—as a matter of its structure, design, and

---

[1] The dates listed were verified through information available on the Dallas County Internet web pages.  The 2013 judgment adjudicating guilty in case number F96-30381 includes copies of the 1997 original community supervision order.

operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." 133 S. Ct. 1911, 1921. However, as the Magistrate Judge correctly recognized, neither *Trevino* nor *Martinez* addressed the filing of a "protective" petition or the appointment of federal habeas counsel before a petitioner has exhausted his state court remedies, as in this case. Accordingly, the Court denies Petitioner's request to appoint federal habeas counsel to address his ineffective assistance claims.

Petitioner's request for a "remand" to state court fares no better. Even liberally construed as a request to stay and abate pending exhaustion of state court remedies, Petitioner has not made the requisite showing. A federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275-276 (2005). Under *Rhines,* a stay is appropriate only if the petitioner shows (1) good cause for the failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

Here, Petitioner cannot meet the second prong. His first claim of ineffective assistance of counsel, which relates to his 1997 guilty plea and placement on deferred adjudication probation, is plainly meritless because it is untimely. *See Lave v. Dretke*, 444 F.3d 333, 336 (5th Cir. 2006) (explaining that a district court should not stay proceedings under *Rhines* to permit a habeas petitioner to exhaust state claims when such claims are plainly meritless); *Caldwell v. Dretke,* 429 F.3d 521, 528-529 (5th Cir. 2005) (a state court order of deferred adjudication community supervision is a final judgment that triggers the federal habeas limitations period under 28 U.S.C. § 2244(d)(1)(A)). A stay is not appropriate where the underlying claim is untimely. *See White v. Thaler*, 3:12-CV-2638-B-BK, 2013 WL 363466 *4 (N.D. Tex. Jan. 2, 2013), *recommendation*

*accepted*, 3:12-CV-2638-B-BK, 2013 WL 300910 (N.D. Tex. Jan. 25, 2013) (denying motion to stay because federal petition was untimely); *Tumbwe v. Thaler*, 3:12-CV-1723-P-BK, 2012 WL 5987579 *4 (N.D. Tex. Sept. 5, 2012), *report and recommendation accepted*, 2012 WL 5990764 (N.D. Tex. Nov. 28, 2012) (same).

While Petitioner's second ineffective assistance claim (which relates to the May 2013 revocation, new guilty plea for failure to register, and sentencing) is timely, his allegations are conclusory.  Petitioner merely asserts that his trial counsel was "required to file a motion for new trial within 30 days of date of conviction," and that he failed to do so despite "recent SCOTUS rulings recognizing Applicant's constitutional rights."  [Doc. 3 at 6].  However, Petitioner does not identify any basis for a motion for new trial, which "is a prerequisite to presenting a point of error on appeal *only* when necessary to adduce facts not in the record."  *See* Tex. R. App. P. 21.2 (emphasis added).  In addition, Petitioner does not indicate how counsel's performance prejudiced him, especially in light of the fact that he did not pursue a direct appeal.  Conclusory allegations of ineffective assistance of counsel cannot form the basis for section 2254 relief.  *See United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007) (holding that ineffective assistance of counsel claim must be stated with specificity, and "allegations" and "generalized assertions" of error will not suffice); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding").

III.

Accordingly, Petitioner's objections and motion for hearing [Doc. 5] are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED without prejudice** for failure to exhaust state court remedies.  *See* 28

U.S.C. § 2254(b) and (c).  The Court again cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.  Petitioner should act diligently and expediently in seeking habeas corpus relief in both state and federal court.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

If petitioner files a notice of appeal,

( ) petitioner may proceed *in forma pauperis* on appeal.

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(**b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

(X) petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 16th day of June, 2014.

                                                        UNITED STATES DISTRICT JUDGE